UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

InMUSIC BRANDS, INC.           :
                               :
         v.                    :     C.A. No. 17-010M
                               :
ROLAND CORPORATION             :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommended disposition (28 U.S.C. § 636(b)(1)(B)) is Defendant's Motion to Dismiss. (Document No. 11). Plaintiff objects. (Document No. 13).

**Background**

Plaintiff filed this patent infringement action on January 10, 2017. Plaintiff alleges direct infringement in Counts I and III, and indirect infringement in Count II. Defendant argues that Plaintiff's claims are inadequately pled and should be dismissed with prejudice. Defendant also contends that Plaintiff should not be afforded the "lenience" of leave to file an amended complaint because it tried to resolve these pleading deficiencies informally with Plaintiff before filing the instant Motion, and Plaintiff refused to meet and confer or amend. Plaintiff contends that its Complaint adequately pleads plausible claims for infringement and requests that Defendant's Motion to Dismiss be denied or, in the alternative, that any dismissal be without prejudice and with leave to amend.

**Discussion**

Historically, patent infringement complaints were generally sparse and conclusory. They were typically drafted in conformity with Form 18[1] of the Appendix of Forms to the Federal Rules of Civil Procedure. Effective December 1, 2015, the Federal Rules were amended to eliminate Rule 84 and the Appendix of Forms including Form 18. This 2015 amendment has triggered a legal debate as to the current pleading standard for patent infringement claims in the context of the Supreme Court's prior decisions in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). To my knowledge, neither the First Circuit nor this District have yet weighed in on this debate.

On January 19, 2017, District Judge Allison Burroughs of the District of Massachusetts considered this issue and held that "the Twombly/Iqbal standard is the correct standard for reviewing" a patent infringement claim. See Rampage LLC v. Global Graphics SE, C.A. No. 16-CV-10691-ADB, 2017 WL 239328, *2 (D. Mass. Jan. 19, 2017). She observed that "[t]he vast majority of district courts that have considered cases filed after the elimination of Form 18 agree that 'a form that no longer exists can no longer control.'" Id. She also persuasively reasoned that applying the Twombly/Iqbal standard promotes uniformity and that relying "on a now-abrogated form would only cause confusion and inconsistency." Id. In Ashcroft v. Iqbal, 556 U.S. 662, 884 (2009), the Supreme Court clarified that its prior holding in Twombly was not limited to antitrust cases and "expounded the pleading standard for 'all civil actions.'" This Court has found no basis in Supreme

---

[1] Form 18 was a model complaint for direct patent infringement claims appended to the Federal Rules of Civil Procedure.

-2-

Court or First Circuit precedent to treat patent infringement cases differently from other cases in terms of Rule 8 and the applicability of the Twombly/Iqbal pleading requirements.

Thus, considering Defendant's Rule 12(b)(6) Motion, the Court must accept as true all allegations in the Complaint and draw all reasonable inferences in Plaintiff's favor. Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). The Supreme Court restated the review standard as follows: "[o]nce a claim has been stated adequately, it may be supported by showing any sets of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 546 (2007). Since Twombly, the Supreme Court further refined its requirements in Ashcroft v. Iqbal:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

556 U.S. 662, 663 (2009). In applying this standard to facts as pled in a complaint, the First Circuit recommends what it calls "a two-step pavane." Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 53 (1st Cir. 2013). The Court must first identify and disregard the complaint's conclusory legal allegations, and then determine whether or not the remaining factual allegations state a plausible claim to relief. Id.

After reviewing Plaintiff's Complaint, it plainly identifies the parties, the asserted patents, the accused products, and the patent claims allegedly infringed. As to the allegedly infringed claims, the Complaint essentially lifts the applicable claim language directly from the respective patents and baldly asserts that the accused products meet "all the limitations"

of the claim. The Complaint does not include any particular factual allegations concerning the presence of any claim limitation in an accused product.[2] After stripping away the conclusory legal allegations, the Complaint is bare on facts, and such facts are not sufficient to state a plausible claim for relief.

**Conclusion**

Accordingly, I recommend that Defendant's Motion to Dismiss (Document No. 11) be GRANTED. However, I also recommend that it be GRANTED without prejudice and with leave to amend within thirty days. Defendant has not shown any prejudice or bad faith conduct that might support denial of leave to amend at this early stage.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
May 22, 2017

---

[2] Plaintiff argues that Exhibit C to Defendant's Motion (Document No. 11-4) – a lengthy letter responding to the Complaint – shows that the Complaint was sufficient to place Defendant on notice of the factual allegations against it. (Document No. 13-1 at p. 6). While Defendant's counsel may well have had enough information to prepare a substantive response to the allegations, the applicable pleading requirements require that Plaintiff plead enough facts to state a plausible infringement claim in its Complaint.