UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| inMUSIC BRANDS, INC. | : | |
| | : | |
| v. | : | C.A. No. 17-00010-MSM |
| | : | |
| ROLAND CORPORATION | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B)) is Defendant Roland Corporation's ("Roland") Motion to Strike Plaintiff inMusic Brands, Inc.'s ("inMusic") Affirmative Defenses to Roland's Counterclaims. (ECF No. 151). inMusic filed an Objection (ECF No. 153) to which Roland Replied. (ECF No. 155). For the following reasons, I recommend that Roland's Motion to Strike be GRANTED in full.

**Background**

In the present Motion, Roland moves to strike two affirmative defenses asserted by inMusic in response to Roland's Counterclaims. The affirmative defenses at issue are (1) failure to state a claim in response to Roland's Seventh Counterclaim for inequitable conduct; and (2) estoppel/preclusion based on inter partes review proceedings. (See ECF No. 150 at p. 8). In support of the Motion to Strike, Roland argues that both defenses are baseless and improper as a matter of law.

Roland contends that inMusic's failure to state a claim defense should be stricken because inMusic previously moved to dismiss the inequitable conduct counterclaim under Fed. R. Civ. P. 12(b)(6), and the Court denied the Motion. (ECF No. 151-1 at p. 5). In response, inMusic contends that it is entitled to maintain this affirmative defense because Roland has not shown that it will suffer

"prejudice" by the inclusion of it, and further, that it may later opt to assert this defense pursuant to Fed. R. Civ. P. 12(h).

Next, Roland notes that the estoppel/preclusion defense should be stricken because inter partes review was never instituted in this case, therefore, estoppel does not apply under the relevant statute and case law. Id. inMusic contends that it is entitled to maintain a common law claim of estoppel/preclusion and that inter partes estoppel could apply to these facts under recent case law. These arguments are addressed in further detail below.

**Standard of Review**

Rule 12(f), Fed. R. Civ. P., states that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The standard to prevail on a motion to strike an affirmative defense requires that a moving party establish: "(1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the [moving party] would be prejudiced by inclusion of the defense." Markham Concepts, Inc. v. Hasbro, Inc., 2017 WL 4685074, at *3 (D.R.I. Oct. 17, 2017). "Generally, courts are reluctant to grant motions to strike affirmative defenses since they require a premature evaluation of a defense's merits, before the necessary factual background is developed. Nonetheless, a motion to strike will be granted where the insufficiency of the defense is clearly apparent." Trs. of Local 464 A United Food & Commercial Workers Union Pension Fund v. Wachovia Bank, N.A., No. CIV. 09-668 (WJM), 2009 WL 4138516, at *1 (D.N.J. Nov. 24, 2009) (internal quotations omitted).

**Analysis**

The analysis starts with inMusic's affirmative defense that "[t]he Seventh Counterclaim fails to state a claim upon which relief can be granted." (ECF No. 151 at p. 5). To begin, there is no dispute that inMusic previously argued for dismissal of the Seventh Counterclaim on the ground that it failed to

state a claim. (See ECF No. 128). After thoroughly reviewing the parties' arguments, the Court determined that Roland "satisfied the pleading standard for its inequitable conduct claim against inMusic and the Motion to Dismiss is DENIED." (ECF No. 132 at p. 12). Accordingly, the Court already entertained full briefing under the Fed. R. Civ. P. 12(b)(6) standard that challenged the Seventh Counterclaim. Roland, therefore, moves to strike this affirmative defense, arguing that inMusic cannot maintain a "failure to state a claim" affirmative defense when the Court already considered and ruled against it on a "failure to state a claim" motion to dismiss. Roland contends it has met all three prongs of the applicable Rule 12(f) standard. In support of the first two prongs which consider whether there is a question of fact or law that could favor inMusic, Roland notes that the Court has addressed this issue head on via the Motion to Dismiss. Further, inMusic does not assert any novel factual or legal issues that have or even could arise that could cause this Court to revisit this issue. In support of the third prong which requires a showing of prejudice, Roland notes that the elimination of this affirmative defense would help to streamline this 2017 litigation, while its further inclusion will only cause "confusion and waste the time of the Court and the parties." (ECF No. 155 at p. 7).

In opposition, inMusic argues that this defense can be raised "in any pleading, by motion, or at trial" pursuant to Fed. R. Civ. P. 12(h)(2). (ECF No. 153 at p. 6). inMusic cites a case that concedes that inclusion of such a defense after a 12(b)(6) denial is "arguably redundant" but found no prejudice under the facts presented. See Id. citing County Vanlines, Inc. v. Experian Info. Sols. Inc, 205 F.R.D. 148, 153 (S.D.N.Y. 2002). As noted, inMusic has not identified any new factual or legal issues which might result in a different outcome. Instead, inMusic hangs its hat on the prejudice prong, simply asserting that Roland bears no prejudice by the continued inclusion of this affirmative defense. I disagree. The parties have litigated this case for five years, and fact discovery is closed. The issue that the Court presently weighs was already fully briefed and argued to the District Court. Accordingly, to

allow this affirmative defense to remain in this case risks prejudice to Roland in the form of increased and unnecessary complexity, time and expense, and, thus, I recommend that it be stricken.

The second issue, while more complex, also fails to withstand the scrutiny under the applicable standard of review.  In full, the affirmative defense at issue reads: "Roland is estopped and/or precluded from relying on alleged prior art in connection with its invalidity positions associated with its petitions for inter partes review."  (ECF No. 150 at p. 8).  The inter partes review process, codified at 35 U.S.C. § 315(e)(2), states that the petitioner "in an inter partes review of a claim in a patent under this chapter that results in a final written decision under section 318(a)…may not assert either in a civil action…that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review." Roland accurately points out that the quoted affirmative defense fails because the statute dictates that inter partes review estoppel applies only when a "final written decision" is issued during the inter partes review process.   In this case, the parties do not dispute that, although Roland filed three petitions, none were instituted, and, thus, no final written decision was issued in the inter partes review process.  Roland persuasively argues, based on the lack of a final written decision, that inter partes estoppel does not apply as a matter of law.  (ECF No. 151-1 at pp. 11-12).

inMusic's Objection to the Motion to Strike on the inter partes review issue raises two issues: First, inMusic asserts that statutory inter partes estoppel applies under <u>California Inst. of Tech. v. Broadcom Ltd.</u>, 25 F.4th 976, 990 (Fed. Cir. 2022), even if a final written decision was not issued. inMusic argues that <u>Broadcom</u> "held that statutory IPR estoppel applies to all grounds asserted in an IPR petition and all grounds not stated in the petition that reasonably could have been asserted against the claims included in the petition." (ECF No. 153 at p. 9).  inMusic, however, mischaracterizes the holding in <u>Broadcom</u> insofar as it asserts that the case stands for the proposition that IPR estoppel may still apply even when there is no "final written decision."  <u>Broadcom</u> did not consider the circumstance at present:

In Broadcom, the Patent Trial and Appeal Board ("PTAB") issued a number of final written decisions, and the legal issue did not in any way concern a case where the Patent and Trademark Office declined to even institute review proceedings. The citation to Broadcom, therefore, and the suggestion that it has changed the requirements set forth in the statute, is rejected. The absence of a final written decision is fatal to the assertion of IPR estoppel. See Palomar Techs., Inc. v. MRSI Sys., LLC, 373 F. Supp. 3d 322, 331 (D. Mass. 2019) (noting that if the USPTO declines to institute review, "estoppel would not apply, because the review would not 'result[ ] in a final written decision.'").

Next, the analysis turns to inMusic's assertion that its affirmative defense also contains a common law preclusion claim. inMusic cites SynQor, Inc. v. Vicor Corp., 988 F.3d 1341, 1347-1348 (Fed. Cir. 2021), for the proposition that the "statutory scheme governing inter partes reexamination shows no evident intent to foreclose common law estoppel." However, as Roland notes in its Reply, the SynQor case considered statutory inter partes reexamination, which "involves a different statutory scheme than inter partes review." (emphasis omitted). (ECF No. 155 at p. 12). Roland argues that it was never put on notice of a common law estoppel defense, and the theory propounded by inMusic "has never been applied in any known analogous case…" Id. I agree. Because the cited case is inapposite and inMusic has presented no other persuasive authority supporting its propounded theory, it is unsupported and rejected. Thus, I recommend that the entire affirmative defense be stricken.

**Conclusion**

For the reasons discussed herein, I recommend that Roland's Motion to Strike (ECF No. 151) be GRANTED in full. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the

-6-

District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


   /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
June 14, 2022

Case 1:17-cv-00010-MSM-LDA   Document 162   Filed 06/14/22   Page 6 of 6 PageID #: 6086