UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| INMUSIC BRANDS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROLAND CORPORATION, <br><br> Defendant. | C.A. No. 1:17-CV-00010-MSM-LDA |

### MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

This matter comes before the Court on Defendant Roland Corporation's ("Roland") Motion to Strike Plaintiff inMusic Brands, Inc.'s ("inMusic") Affirmative Defenses to Roland's Counterclaims. (ECF No. 151.) Magistrate Judge Almond issued a Report and Recommendation ("R&R") recommending that Roland's Motion to Strike be granted in full. (ECF No. 162.) inMusic has objected to the portion of the R&R that recommends that the Court grant Roland's Motion to Strike inMusic's second affirmative defense of estoppel/preclusion based on inter partes review ("IPR") proceedings. The Court adopts the Report and Recommendation in full for the reasoning set forth therein.

1

## II. BACKGROUND

Roland seeks to strike the two affirmative defenses asserted by inMusic in response to Roland's counterclaims (ECF No. 126): (1) failure to state a claim in response to Roland's Seventh Counterclaim for inequitable conduct; and (2) estoppel/preclusion based on IPR proceedings. (ECF No. 150.) In his R&R, Magistrate Judge Almond found both defenses to be baseless and improper as a matter of law. (ECF No. 162 at 3-5.) inMusic objects solely to the recommendation to strike its second affirmative defense. The defense asserts that "Roland is estopped and/or precluded from relying on alleged prior art in connection with its invalidity positions associated with its petitions for inter partes review." inMusic initially maintained both that statutory inter partes estoppel could apply under recent case law, specifically *California Inst. Of Tech. v. Broadcom Ltd.*, 25 F.4th 976 (Fed. Cir. 2022), and that it is entitled to maintain a common law claim of estoppel/preclusion. Magistrate Judge Almond was unpersuaded by these arguments. In its Objection to the R&R, inMusic focused primarily on its common law theory, arguing that there is an open question as to whether a claim of common law estoppel is possible on these facts.

## II. STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure, when an R&R has been properly objected to, the district court judge must determine the disputed issues de novo. Fed. R. Civ. P. 72(b)(3). "The district court must actually review and weigh the evidence presented to the magistrate judge and may not merely rely on the

magistrate judge's report and recommendation." *Lacedra v. Donald W. Wyatt Det. Facility*, 334 F. Supp. 2d 114, 125 (D.R.I. 2004) (citations omitted).

In order to prevail on a motion to strike an affirmative defense, a moving party must establish: "(1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the [moving party] would be prejudiced by inclusion of the defense." *Markham Concepts, Inc. v. Hasbro, Inc.*, 2017 WL 4685074, at *3 (D.R.I. Oct. 17, 2017). Finally, "[q]uestions of law are reviewed de novo…" *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001) (citing *Ward v. Comm'r Soc. Sec.*, 211 F.3d 652, 655 (1st Cir. 2000)).

### III. DISCUSSION

inMusic puts forth two challenges to the R&R. Most significantly, inMusic argues that "the existence of statutory IPR estoppel does not preclude a common law estoppel defense related to an IPR petition," and stresses that "[t]he fact that inMusic's position has not been widely litigated does not render it unsuccessful as a matter of law." (ECF No. 167 at 9.) In addition, inMusic argues that "Roland also did not establish that it would be prejudiced by inclusion of the [common law estoppel defense]." *Id.* at 10.

#### A. First Objection – Common Law Estoppel

inMusic maintains that Roland did not meet its burden of proving that there is no question of law that might allow its defense to succeed, pointing out that both Roland and Magistrate Judge Almond's R&R primarily address its statutory, rather than its common law, estoppel arguments. *Id.* at 8-9.

inMusic's argument that it is possible to claim common law estoppel, despite the existence of a statutory IPR estoppel scheme, proceeds in three parts. First, inMusic points to the Supreme Court's holding that "courts may take it as a given that Congress has legislated with the expectation that [common law issue preclusion] will apply except when a statutory purpose to the contrary is evident." *B&B Hardware, Inc. v. Hargis Industrial*, 575 U.S. 138, 148 (2015) (internal citation omitted). Second, inMusic relies on language from the Federal Circuit related to inter partes reexamination proceedings[1] – the process for challenging the validity of issued claims prior to statutory changes passed by Congress in 2011 that created IPR – for the contention that "the existence of more expansive ('more muscular') statutory estoppel applicable to inter partes reexamination proceedings does not supplant the presumptive application of common law estoppel." (ECF No. 167 at 6.) Third, inMusic cites to the Federal Circuit's recent holding in *California Institute of Technology v. Broadcom Limited*, 25 F.4th 976, 989-91 (Fed. Cir. 2022), which articulated an expansive view of statutory IPR estoppel, to argue that this statutory estoppel is "more muscular" than common law estoppel and, therefore, does not supplant its claim of common law estoppel. (ECF No. 167 at 8-9.)

---

[1] "The statutory scheme governing inter partes reexamination shows no evident intent to foreclose common law estoppel. To the contrary, Congress enacted statutory estoppel provisions considerably more muscular than common law collateral estoppel." *SynQor, Inc. v. Vicor Corp.*, 988 F.3d 1341, 1347-48 (Fed. Cir. 2021) (citation omitted).

This is an interesting argument, and the Court does not find it frivolous, as Roland urges. (ECF No. 169 at 13-14.)[2] However, the argument breaks down at the second of inMusic's three assertions. As Magistrate Judge Almond discussed in his R&R, and as inMusic itself notes, the *SynQor* holding that this second step relies on deals with inter partes reexamination ("IPX"), not IPR. Congress replaced IPX with IPR in the America Invents Act of 2011. 35 U.S.C. §§ 311-319. While both the IPX and the IPR processes serve the same primary function – providing a mechanism to petition the United States Patent and Trademark Office ("PTO") to institute a review of an issued patent – they feature a range of differences regarding how the PTO performs its patent validity review function, the adversarial nature of the respective processes, who can file a petition for review, when potential petitioners can file, the length of time between filing a petition and a review's final resolution, and more. *See* 35 U.S.C. §§ 102, 103, 311(a), 311(c), 315(e)(2), 315(b); 37 C.F.R. § 42.50, 42.108; MPEP § 2656 (Eighth Edition, Revision 9, August 2012).

In short, these are two distinct statutory schemes, and it simply does not follow that the Federal Circuit's holding in *SynQor* – that "[t]he statutory scheme governing inter partes reexamination shows no evident intent to foreclose common law estoppel" – has a direct bearing on the IPR-related question posed by inMusic. 988 F.3d at 1347-48. Without a legal foundation for inMusic's theory, the Court agrees with Magistrate Judge Almond's finding that there is no question of fact or law that might

---

[2] As such, the Court declines Roland's request to award attorney's fees.

5

allow the defense to succeed on its affirmative defense claim of common law estoppel. (ECF No. 162 at 5.)

### B. Second Objection – Prejudice

inMusic also objects to the R&R on the basis that Roland has not established that it would be prejudiced by inclusion of its defense of estoppel/preclusion based on inter partes review proceedings. (ECF No. 167 at 10.) Roland makes three arguments regarding the prejudicial effects of this defense. First, Roland argues that the "[i]nclusion of invalid defenses risks prejudice to the opposing party due to increased time and expense of litigation." (ECF No. 169 at 10.) inMusic responds that if an affirmative defense raises issues integral to the case, an "argument that inclusion of this defense would prejudice Plaintiff by forcing it to 'litigat[e] irrelevant issues' is baseless." (ECF No. 167 at 10, quoting *J&J Sports Productions, Inc. v. Vernancio*, C.A. No. 18-239-WES, 2018 WL 5786163, at *2 (D.R.I. Nov. 5, 2018)). Roland also argues that, because fact discovery is closed, they have "no ability to propound interrogatories or document requests to discover what Plaintiff's theories are for its newly asserted affirmative defenses." (ECF No. 169 at 13.) inMusic responds that, on the question of its estoppel defense, "the factual issues are plain, and rest on Roland's own filings and positions with respect to its cited prior art." (ECF No. 167 at 10.)

Third, Roland points to a series of cases finding that "evidence of a non-institution of an inter partes review decision should not be presented to the jury because it would introduce confusion" to the jury. (ECF No. 169 at 9, citing *Plexxikon*

6

*Inc. v. Novartis Pharmaceuticals Corporation*, 2021 WL 1164749, *1 (N.D. Cal. Mar. 26, 2021) ("[It] is clear that the introduction of [non-institution of IPR] decisions often poses a substantial risk of confusing the issues"); *Evolved Wireless, LLC v. Apple Inc.*, 2019 WL 1100471, *3 (D. Del. Mar. 7, 2019) ("[t]he denial to institute [IPR] proceedings has no estoppel effect and the minimal probative value it may have to the validity issue is substantially outweighed by the potential for prejudice and confusion to the jury."); *Bio-Rad Laboratories, Inc. v. 10x Genomics, Inc.*, 2018 WL 6629705, *1 (D. Del. Oct. 12, 2018) ("Regarding the IPR decisions, failure to institute an IPR has little or no probative value. To the extent there is any probative value, it is substantially outweighed by the risk of confusing the issues [and] misleading the jury"); *Wisconsin Alumni Research Foundation v. Apple, Inc.*, 2015 WL 5704356, *7 (W.D. Wis. Sept. 29, 2015) ("Although the court could attempt to provide instructions to the jury regarding the purpose and current standards applicable to the IPR proceeding, it would be difficult for a jury to understand, much less apply, the nuanced differences between the various proceedings and to determine how much weight should be given to [non-institution decisions], if any.") inMusic did not respond to the issue of jury confusion. But the Court has real concerns that evidence of a non-institution of an IPR decision could unfairly prejudice a jury against the party that unsuccessfully petitioned for IPR. Therefore, the Court finds that this requirement to prevail on a motion to strike an affirmative defense has been established.

## IV. CONCLUSION

For the foregoing reasons, the Court adopts the R&R (ECF No. 162). Roland's Motion to Strike (ECF No. 151) is GRANTED.

IT IS SO ORDERED:

_____
Mary S. McElroy
United States District Judge

November 7, 2022