UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| inMUSIC BRANDS, INC. | : |
| | : |
| v. | : C.A. No. 17-00010-MSM |
| | : |
| ROLAND CORPORATION | : |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B)) is Plaintiff inMusic Brands, Inc.'s Motion to Exclude the Non-infringement Opinion of Expert Witness Paul Lehrman, Ph.D. (ECF No. 182). Defendant Roland Corporation objects. (ECF No. 189). A Reply Brief was filed on March 27, 2023. (ECF No. 197). For the following reasons, I recommend that Plaintiff's Motion to Exclude (ECF No. 182) be DENIED.

**Discussion**

Plaintiff argues for exclusion because (1) Dr. Lehrman did not prepare his expert report as required by Rule 26(a)(2)(B) and merely proofread and signed what defense counsel ghost-wrote for him; (2) the expert report departs from Dr. Lehrman's own conclusions and exceeds his expertise in certain respects; and (3) portions of the expert report contravene the Court's prior claim construction order and exceed the scope of Dr. Lehrman's competence. (ECF No. 182 at p. 1). Defendant counters that the expert report should not be stricken because Plaintiff's arguments go to the weight to be given to Dr. Lehrman's expert testimony and not its admissibility. (ECF No. 189 at p. 1). As to Plaintiff's ghost-writing allegation, Defendant asserts that it is customary and expected that attorneys will "assist" in the preparation of expert reports and that this is

particularly true when you have a "true subject matter expert" like Dr. Lehrman, rather than a "professional expert for hire" like Plaintiff's expert Dr. Kytomaa.  Id. at p. 2.

Defendant also points out that the Court in Roland v. inMusic Brands, 17-CV-22405 (S.D. Fla), recently rebuffed a similar attempt by Plaintiff to exclude Dr. Lehrman's expert testimony in that case based, in part, on a claim that counsel effectively ghost-wrote the report for him.  (ECF Nos. 189 at p. 1, n.1; and 189-4).  Plaintiff unsuccessfully argued there that Dr. Lehrman did not invest sufficient time to read the report, "let alone research and write it," and also relied upon Dr. Lehrman's deposition testimony conceding that "a lot of the report was typed by counsel."  (ECF No. 189-4 at pp. 18-19).  Plaintiff does not dispute that the Court did not find its position to be adequately supported to warrant excluding Dr. Lehrman in the Florida litigation but represents that those arguments differ from those presented here.  Additionally, Plaintiff argues that what ultimately played out in Florida should be a "cautionary tale here" because the trial judge expressed concerns on the record about Dr. Lehrman's trial testimony and the propriety of the prior decision allowing him to testify.  (ECF No. 197 at pp. 3-4).  However, the bottom-line is that a very similar ghost-writing allegation was made and rejected by the Court in the Florida litigation.

Plaintiff's primary argument requires the Court to identify the line between legitimate attorney assistance in drafting an expert report and improper attorney preparation of an expert report.  The starting point is Rule 26(a)(2)(B) which requires a written expert report "prepared and signed by the witness."  The Advisory Committee Notes for the Rule recognize, however, that it "does not preclude counsel from providing assistance to experts in preparing the reports."  Courts have reasonably interpreted the Rule to require that the expert "substantially participate" in the preparation of the report.  See Bekaert Corp. v. City of Dyersburg, 256 F.R.D. 573, 578 (W.D.

Tenn. 2009).[1]  This is plainly a fact-specific inquiry.  See McClellan v. I-Flow Corp., 710 F. Supp. 2d 1092, 1118 (D.Or. 2010).

      Here, it is undisputed that the final expert report was prepared for Dr. Lehrman by counsel, and that he read it and approved it.  (ECF No. 183-2 at pp. 30-31).  He also testified that he made no substantive changes to the report before signing it.  Id.  Defendant somewhat misunderstands Plaintiff's argument as being that "Dr. Lehrman's report was not entirely written by him."  (ECF No. 189 at pp. 1-2).  However, Plaintiff's argument is not about how much of the report was written by Dr. Lehrman, rather Plaintiff claims that Dr. Lehrman's report was not written by him at all and was "ghost-written" entirely by counsel.  Plaintiff relies primarily on Numatics, Inc. v. Balluff, Inc., 66 F. Supp. 3d 934, 942-943 (E.D. Mich. 2014), for its exclusion argument.  However, the Numatics case involved much more serious allegations than those present here and is clearly distinguishable.  The Court described the situation as one of "abject ghostwriting" and that the expert was merely a "puppet" for counsel whose opinions were not accurately reflected in the report.  Id. at pp. 943, 945.

      Defendant concedes that Rule 26 is violated when the expert is not involved whatsoever in the preparation of his expert report.  See Manning v. Crockett, No. 95 C 3117, 1999 WL 342715 at * 3 (N.D. Ill. May 18, 1999) ("Allowing an expert to sign a report drafted entirely by counsel without prior substantive input from an expert would read the word 'prepared' completely out of the rule.").  However, Defendant persuasively argues that Dr. Lehrman "substantially participated in the preparation despite not being the person actually penning every word in the report."  (ECF No. 189 at p. 6).  A review of the expert report (ECF No. 183-3) and Dr. Lehrman's deposition testimony makes clear that, in forming his opinions, he participated in the process far more than

---

[1] Although the Court in Bekaert excluded the expert witness, the circumstances are plainly distinguishable and involved highly questionable conduct by both the proposed expert and counsel which is not present here.

just reading and signing the expert report as argued by Plaintiff. Dr. Lehrman testified (as also reflected in the report) that he personally conducted testing in his lab regarding certain of the accused products, was involved in designing those tests, and examined and/or disassembled certain of the products in issue. (ECF No. 189-3). While it would have been preferable if Dr. Lehrman had more direct involvement in the final drafting process, this is not the case of an expert simply rubber-stamping a report ghostwritten by counsel as suggested by Plaintiff. Dr. Lehrman was sufficiently involved in the process to comply with the dictates of Rule 26(a)(2)(B) as fleshed out in the Advisory Committee Notes. Plaintiff has not made a sufficient showing to warrant exclusion. Its arguments go to weight and are proper fodder for cross-examination and argument at trial.

Plaintiff's remaining substantive arguments for exclusion fare no better. While Plaintiff raises some facially valid issues regarding Dr. Lehrman's opinions, those arguments are sufficiently rebutted by Defendant in its opposition to overcome exclusion at this stage. Again, Plaintiff's arguments are disputed points (which were not further addressed in the Reply Brief) that go to weight rather than admissibility.

**Conclusion**

For the foregoing reasons, I recommend that Plaintiff's Motion to Exclude (ECF No. 182) be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v.

-5-

Valencia-Copete, 792 F.2d 4, 6 (1ˢᵗ Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1ˢᵗ Cir. 1980).

   /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
June 12, 2023