UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| inMUSIC BRANDS, INC. | : |
| | : |
| v. | :   C.A. No. 17-00010-MSM |
| | : |
| ROLAND CORPORATION | : |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B)) are Motions for Partial Summary Judgment filed by each side. (ECF Nos. 177, 184). Objections were filed. (ECF Nos. 190, 193). For the following reasons, I recommend that Plaintiff's Motion for Partial Summary Judgment (ECF No. 177) be DENIED and that Defendant's Motion for Partial Summary Judgment (ECF No. 184) be DENIED.

**Discussion**

 A. **Background and Summary of Arguments**

Plaintiff alleges infringement of three Patents: the '827 Patent for an Electronic Percussion Instrument with Enhanced Playing Area; the '758 Patent for an Electronic Hi-Hat Cymbal Controller; and the '724 Patent for a Removable Electronic Drum Head for an Acoustic Drum. It claims that Defendant's PD-140 Electronic Drum infringes the '827 Patent; that its VH-13 and VH-13-MG Hi-Hat Cymbals infringe the '758 Patent; and that its KD-180, KD-220, and KD-A22 bass drum products infringe the '724 Patent.

Plaintiff presents what it describes as four "discrete" issues for determination in its Motion for Partial Summary Judgment. (ECF No. 199 at p. 7). First, as to the '827 Patent, it

argues that Defendant's own expert's testimony establishes that the PD-140 drum has transducer(s) configured to sense the force of impact transferred to the plate(s) and to generate an electrical signal, and also that Defendant has failed to identify any evidence to dispute Plaintiff's showing that the drum has an acoustic noise reducing cavity. Second, as to the '758 Patent, it argues that Defendant's own expert's testimony also establishes that the accused VH-13 and VH-13-MG hi-hat cymbals have a foot pedal control module that generates the electrical signal as claimed. Third, as to the '724 Patent, it argues that Defendant's expert, Dr. Lehrman, should be precluded from testifying; and that because Defendant fails to identify any admissible evidence beyond Dr. Lehrman's Non-Infringement Report, summary judgment of infringement should enter in favor of Plaintiff. Finally, as to Defendant's inequitable conduct counterclaim, it argues that Plaintiff's "evidence" is simply insufficient to survive summary judgment.

Defendant counters in its Motion for Partial Summary Judgment that Plaintiff cannot establish that it infringed any of the Patents in issue, and that the '827 and '724 Patents are invalid in any event due to the failure to name the proper inventors. Defendant also argues that all of Plaintiff's infringement claims fail because it has not committed any allegedly infringing acts in the United States. Defendant argues that it only sells its products outside the United States and that Plaintiff has not named, as a defendant, any party that actually sells the accused products in the United States.

**B.     Standard of Review**

Under Fed. R. Civ. P. 56, summary judgment is appropriate if the pleadings, the discovery, disclosure materials and any affidavits show that there is "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Taylor v. Am. Chemistry Council, 576 F.3d 16, 24 (1st Cir. 2009); Commercial Union Ins. Co. v. Pesante, 459

F.3d 34, 37 (1st Cir. 2006) (quoting Fed. R. Civ. P. 56(c)).  A fact is material only if it possesses the capacity to sway the outcome of the litigation; a dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of either party.  Estrada v. Rhode Island, 594 F.3d 56, 62 (1st Cir. 2010).  The evidence must be in a form that permits the court to conclude that it will likely be admissible at trial.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323-324 (1986).  "[E]vidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve."  Vasconcellos v. Pier 1 Imps. (U.S.) Inc., C.A. No. 06-484T, 2008 WL 4601036, at *3 (D.R.I. Apr. 28, 2008).  The "fact that there are conceivable inferences that could be drawn in Plaintiff's favor does not mean that those inferences are 'reasonable' enough to justify sending the case to the jury."  Tavares v. Enter. Rent-A-Car Co. of R.I., C.A. No. 13-521 S, 2016 WL 6988812, at *2-3 (D.R.I. Nov. 29, 2016).

In ruling on a motion for summary judgment, the Court must examine the record evidence in the light most favorable to the nonmoving party; the Court must not weigh the evidence or reach factual inferences contrary to the opposing party's competent evidence.  Tolan v. Cotton, 572 U.S. 650, 660 (2014).  Given the numerous factual issues involved and the need for expert testimony in patent infringement cases, a motion for summary judgment should be approached cautiously.  Amhil Enters. Ltd. v. Wawa, Inc., 81 F.3d 1554, 1557-1558 (Fed. Cir. 1996); SRI Int'l v. Matsushita Elec. Corp. of Am., 775 F.2d 1107, 1116 (Fed. Cir. 1985) ("[I]nfringement is itself a fact issue, [so] a district court must approach a motion for summary judgment of infringement or non-infringement with a care proportioned to the likelihood of its being inappropriate.").  Nevertheless, where a party opposes the motion with only "conclusory

allegations, improbable inferences, and unsupported speculation," Smith v. Stratus Comput., Inc., 40 F.3d 11, 13 (1st Cir. 1994), summary judgment is appropriate.

### C. Territorial Reach

"It is axiomatic that U.S. patent law does not operate extraterritorially to prohibit infringement abroad." Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc., 711 F.3d 1348, 1371 (Fed. Cir. 2013). A patent is infringed when someone "without authority…offers to sell, or sells any patented invention, within the United States." 35 U.S.C. § 271(a) (emphasis added); see also MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp., 420 F.3d 1369, 1376 (Fed. Cir. 2005) ("It is well established that the reach of section 271(a) is limited to infringing activities that occur within the United States."). Contributory infringement under § 271(c) also requires infringing conduct within the United States.

Here, Defendant argues that it cannot be liable in this case as a matter of law because it only manufactured and sold products accused of infringement outside of the United States. It contends that the accused products were all manufactured and sold by it in Asia and then imported into the United States for sale by Roland U.S. (a non-party to this lawsuit). In particular, it asserts that, pursuant to a Distributorship Agreement, Roland U.S. took title to the products it purchased from Defendant F.O.B. ("free on board") at the point for shipment in Asia. Plaintiff challenges Defendant's position both factually and legally. In addition, it argues that Defendant is judicially estopped from denying it sells product in the United States because it sought and was awarded lost profits against Plaintiff in the Florida litigation based on U.S. sales.

Although Plaintiff's judicial estoppel argument is persuasive on its face, the Court need not address that issue directly since Defendant's "F.O.B" theory has been squarely rejected by the Federal Circuit. In Litecubes, LLC v. N. Light Prods., Inc., 523 F.3d 1353, 1369 (Fed. Cir.

2008), the Federal Circuit held that the F.O.B. point is not determinative as to whether a sale occurred within the United States under § 271(a).  The Litecubes court explained that in the context of personal jurisdiction, it had previously "rejected the notion that simply because goods were shipped f.o.b., the location of the 'sale' for the purposes of § 271 must be the location from which the goods were shipped."  Id. (citing N. Am. Philips Corp. v. Am. Vending Sales, Inc., 35 F.3d 1576, 1579 (Fed. Cir. 1994)).  Rather, the court "determined that the sale also occurred at the location of the buyer," rejecting a formalistic approach based on the F.O.B. point or other formal legally operative act.  Id. at 1369-1370 (citing N. Am. Philips, 35 F.3d at 1579).  In Litecubes, the Federal Circuit extended that holding to the issue of whether the sale took place within the United States for the purposes of infringement and concluded that the defendant sold the accused products within the United States.  Id. at 1370-1371.

     Here, like the defendant in Litecubes, it is undisputed that Defendant sold directly to at least one customer in the United States, i.e., Roland U.S.  Roland U.S. was in the United States when it contracted to buy the accused products, and the products were delivered to the United States – regardless of where title was formally transferred as a matter of commercial law.  The conclusory statement in the Suzuki Declaration that "[s]ales of inventory from Roland Corporation…to Roland U.S. were completed outside the U.S.," (ECF No. 187-6 at ¶ 4), does not overcome binding Federal Circuit precedent that a sale to a U.S. company under similar circumstances constitutes infringement within the United States.  See Litecubes, 523 F.3d at 1371 ("regardless of whether the goods were shipped f.o.b., 'to sell an infringing article to a buyer in Illinois is to commit a tort [of patent infringement-by-sale] there (though not necessarily only there.)'") (quoting N. Am. Philips, 35 F.3d at 1370); see also Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc., 617 F.3d 1296, 1308 (Fed. Cir. 2010)

("a foreign company cannot avoid liability for a sale by delivering the product outside the U.S. to a U.S. customer for importation"). In short, Roland has not shown that its sales of the accused products to a U.S.-based customer, i.e., Roland U.S., cannot, as a matter of law, constitute sales within the United States for purposes of § 271(a). See Litecubes, 523 F.3d at 1371; see also Celanese Int'l Corp. v. Anhui Jinhe Industrial Co., Ltd., C.A. No. 20-1775-LPS, 2021 WL 7209494, at *5 (D. Del. Dec. 10, 2021) ("For purposes of a claim for direct infringement under § 271, a sale takes place in the United States when an infringing article is sold to a U.S. buyer, regardless of whether the goods were shipped f.o.b."); Emerson Elec. Co. v. Suzhou Cleva Elec. Appliance Co., Ltd., No. 4:13-CV-01043 SPM, 2015 WL 2179377, at *3 (E.D. Mo. May 8, 2015) ("As in Litecubes, the fact that Cleva Hong Kong delivered the products FOB China does not establish that the sale did not occur in the United States."); Atleisure, Inc. v. Ace Evert Inc., No. 1:12-CV-1260-CAP, 2013 WL 12099363, at *4 (N.D. Ga. June 6, 2013) ("[T]he court rejects Ace's contention that there cannot be any infringing conduct within the United States under 35 U.S.C. § 271(a) because the shipments were 'FOB China.'").

The bottom line is that whether Defendant imported the accused products into the United States or sold the accused products to Roland U.S. for importation into the United States, it has not shown that it is entitled to summary judgment on Plaintiff's claims under § 271(a) or (c) on this basis. Defendant's sales of the accused products to a U.S.-based customer, i.e., Roland U.S., may constitute sales within the United States for purposes of § 271(a) or (c). Moreover, Defendant cannot argue that its alleged extraterritorial activity shields it from liability for induced infringement under § 271(b). See Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd., 909 F.3d 398, (Fed. Cir. 2018) ("liability for induced infringement under § 271(b) can be imposed based on extraterritorial acts, provided that the patentee proves the defendant

possessed the requisite knowledge and specific intent to induce direct infringement in the United States").

**D.     Invalidity (Inventorship)**

Defendant devotes two paragraphs of its fifty-seven-page brief (ECF No. 185 at p. 66) to the counterclaim argument that the '827 and '724 patents are invalid based on Plaintiff's failure to name the proper inventors.  Plaintiff counters that Defendant never plead or timely disclosed an invalidity argument based on inventorship (35 U.S.C. § 102(f)) and thus it should be rejected as untimely.  Plaintiff also argues that Defendant has not made a sufficient evidentiary showing to meet the applicable clear and convincing burden of proof.  See Microsoft Corp. v. i4i Ltd. P'ship., 564 U.S. 91, 101-102 (2011).  Plaintiff is correct on both points.

First, as to the disclosure issue, Defendant has not shown the Court that this particular invalidity argument was properly plead or timely disclosed.  Further, its eleventh-hour request to amend to add the claim and its assertion of lack of prejudice to Plaintiff are simply too little and too late in this 2017 case.  Second, as to the merits, Defendant offered insufficient factual and legal support for the argument in its opening Brief (ECF No. 185 at p. 66) and its attempt to flesh out the argument for the first time in its Reply Brief (ECF No. 203 at pp. 68-71) is inappropriate and rejected.  Defendant has not shown an entitlement to summary judgment on its invalidity counterclaim.

**E.     Inequitable Conduct (Inventor's Undisclosed Knowledge of Prior Art)**

Plaintiff moves for summary judgment on Count VII of Defendant's Counterclaim for failure of proof.  In Count VII, Defendant alleges that the '758 Patent is unenforceable due to inequitable conduct.  It asserts that Plaintiff intentionally failed to disclose a prior art video to the U.S. Patent and Trademark Office ("PTO") that was viewed by the named inventor Jan

Wissmuller and that the '758 Patent would never have been issued if the PTO was aware of the video because it anticipated at least Claim 1 of the Patent. (ECF No. 126 at pp. 24-28).

Plaintiff argues that summary judgment against Defendant on this counterclaim is warranted because Defendant has never identified or produced the prior art video it claims invalidates the '758 Patent. It argues that the absence of such evidence is fatal to a claim that requires proof by clear and convincing evidence of failure to disclose "but for" material information to the PTO with the specific intent to deceive. See Therasense, Inc. v. Becton, Dickinson & Co., 649 F.3d 1276, 1290 (Fed. Cir. 2011). Defendant concedes that it has not produced the video in question and that it was not shown to Mr. Wissmuller at his deposition. However, it argues that a genuine issue of fact remains for trial because Mr. Wissmuller admitted in his deposition to seeing an online video prior to the filing of the application for the '758 Patent which disclosed all the limitations of Claim 1 of the '758 Patent and which was not submitted to the PTO. (ECF No. 193 at pp. 72-73). While allowing the factfinder to compare the specifics of the video to the claims of the Patent would, of course, be more direct evidence, the absence of the video goes to the weight of the evidence and is not so fatal to Count VII such that summary judgment must enter. After reviewing the relevant portions of Mr. Wissmuller's deposition, the Court cannot say, viewing the evidence in the light most favorable to Defendant and drawing all reasonable inferences in its favor, that no reasonable jury could ever find in its favor on Count VII of its Counterclaim.

### F. Direct Infringement Claims

The parties essentially cross-move for partial summary judgment on Plaintiff's claims of direct infringement of the three Patents in issue. In considering claims of infringement, the factfinder considers whether all of the claim limitations are present in an accused product, either

literally or by a substantial equivalent. Innovention Toys, LLC v. MGA Entm't, Inc., 637 F.3d 1314, 1318 (Fed. Cir. 2011). Infringement is a question of fact not law, CommScope Techs. LLC v. Dali Wireless Inc., 10 F.4th 1289, 1295 (Fed. Cir. 2021), and the Court may only render an infringement determination on summary judgment "when no reasonable jury could find that every limitation recited in the properly construed claim either is or is not found in the accused device." Innovention Toys, 637 F.3d at 1319.

As to the '724 Patent, Plaintiff argues conditionally that if the Court grants its concurrently filed Motion to Exclude the Non-Infringement Opinion of Dr. Paul Lehrman (ECF No. 182), summary judgment of infringement should enter because Defendant does not have any rebuttal evidence to raise a genuine issue for trial. (ECF No. 178 at p. 34). Because the Court is recommending denial of Plaintiff's Motion to Exclude, it is also recommending denial of Plaintiff's Motion for Summary Judgment as to infringement of the '724 Patent.

Defendant counters that it is entitled to summary judgment for non-infringement of the '724 Patent because three claim limitations are missing from the accused products. First, it argues that the "first sensor" limitation is not met because its sensor is attached to the top surface of a rigid plate and not the bottom as required. Based on the opinions of Plaintiff's expert Dr. Kytomaa and applying the doctrine of equivalents, the Court finds that Defendant has not shown the absence of any genuine dispute that its accused products do not meet the "first sensor" limitation of the '724 Patent. Plaintiff does not argue that the accused products literally infringe this claim limitation and focuses its opposition on the doctrine of equivalents. Dr. Kytomaa opined that the top versus bottom distinction was insubstantial and therefore the accused products satisfied the limitation in issue per the doctrine of equivalents. See Cadence Pharms., Inc. v. Exela PharmSci Inc., 780 F.3d 1364, 1372 (Fed. Cir. 2015). To enter summary judgment

for Defendant on this issue would impermissibly require the Court to weigh and discount Dr. Kytomaa's opinion in this regard and view evidence/draw inferences more favorably to the moving party.

Defendant next argues that the accused products are missing the "structural body" limitations of Claims 1 and 15 of the '724 Patent in two respects. It argues that the alleged "structural body" of the accused products does not have a "sidewall configured and arranged to insert into a drum hoop," or "a lip extending outwardly from the sidewall configured and arranged to hook over an edge of the drum hoop." (ECF No. 185 at p. 32).

Defendant has not shown an entitlement to summary judgment based on these arguments. First, Dr. Kytomaa unequivocally opines that the accused products literally infringe these claim limitations. (ECF No. 180-6 at pp. 76-78). Second, Defendant argues that the opinion is flawed because "the sidewall is not configured/arranged to 'insert into' the drum hoop if they are not even touching." (ECF No. 185 at p. 33). However, Defendant provides no competent support for incorporating a "touching" limitation into these claims.

Next, Plaintiff argues that it is entitled to summary judgment on its claim that Defendant's PD-140 product infringes Claim 15 of the '827 Patent. Plaintiff bases its argument on the opinions rendered by its expert, Dr. Kytomaa, and its interpretation of Dr. Lehrmann's expert opinion and related deposition testimony from Dr. Lehrmann and Defendant's corporate representative. (ECF No. 178 at pp. 15-16).

Defendant counters that Plaintiff's Motion as to the '827 Patent must be denied. It asserts that the Motion is "based on misleading arguments and irrelevant testing, fails to show infringement and, instead emphasizes a variety of issues of fact as to their position." (ECF No. 193 at p. 25). Although the Court is not convinced that Plaintiff has presented "misleading"

arguments, Defendant has persuasively shown that the arguments are premised on disputed facts and competing expert opinions. For instance, Defendant raises a genuine dispute regarding the relevance of certain of the testing done by Dr. Kytomaa and the interpretation of the respective expert opinions and deposition testimony. Defendant's counterarguments for summary judgment of non-infringement of the '827 Patent are similarly fact-based and equally flawed.

Finally, as to the '758 Patent, Plaintiff seeks summary judgment on its claim that Defendant's accused Hi-Hit Cymbals infringe Claims 1-3. Plaintiff asserts that its expert Dr. Kytomaa opined that the accused product "when placed on a stand, as it must be for use, meets each [of the 5] limitation[s] of claim 1 of the '758 patent." (ECF No. 178 at p. 24). It then claims that Defendant's expert, Dr. Lehrmann, did not rebut Dr. Kytomaa's opinion as to the first four such limitations. Id. Thus, it posits that only the fifth limitation is in issue and "whether the foot pedal control module generates an electrical signal." Id. Plaintiff asserts that Dr. Lehrman testified that it does, and his testimony thus establishes direct infringement. Id.

Defendant contends that Plaintiff's Motion should be denied and that it is entitled to summary judgment of non-infringement of the '758 Patent because its accused products do not literally generate an "electrical signal" within the meaning of the claim limitations. (ECF Nos. 185 at pp. 41-48; and 193 at pp. 35-44). After reviewing the parties' competing arguments regarding infringement/non-infringement of the '758 Patent, the only reasonable takeaway is that both parties are improperly presenting primarily fact-based arguments in the Rule 56 context. Their respective arguments, if accepted, would impermissibly require this Court to interpret and weigh expert opinions and underlying deposition testimony. This is not the Court's role in adjudicating cross-motions for summary judgment involving the factual issue of patent infringement.

**G.     Indirect Infringement Claims**

Defendant moves for summary judgment on Plaintiff's claims that it induced infringement and contributed to infringement of the '827 and '758 Patents in violation of 35 U.S.C. §§ 271(b) and (c).  It argues that it did not have knowledge of the patents in issue prior to this lawsuit and thus could not have knowingly induced or contributed to infringement as alleged.  And, as to the '827 Patent, it asserts that Plaintiff has not presented evidence of its intent to induce others to infringe.

Induced infringement requires proof of underlying direct infringement and that "(1) the defendant knew of the patent, (2) the defendant knew or should have known that 'the induced acts constitute patent infringement,' and (3) the defendant 'possessed specific intent to encourage another's infringement.'"  Bio-Rad Labs., Inc. v. Int'l Trade Comm'n, 998 F.3d 1320, 1335 (Fed. Cir. 2021).  Contributory infringement requires proof that "(1) the defendant had 'knowledge of the patent in suit,' (2) the defendant had 'knowledge of patent infringement,' and (3) the accused product is not a staple article or commodity of commerce suitable for a substantial noninfringing use."  Id.

After reviewing the parties' respective submissions on these issues, the Court finds that Defendant has not met its Rule 56 burden of establishing the absence of any trial-worthy issues of indirect infringement.  Defendant's arguments go to the weight of the evidence and would require the Court to adopt its evaluation of certain of the conclusions reached by Plaintiff's expert Dr. Kytomaa and to improperly draw inferences in its favor.  For instance, as to the '827 Patent, Defendant argues that it is entitled to summary judgment of no contributory infringement because Plaintiff's expert Dr. Kytomaa "himself establishes that the PD-140DS, when used with factory default settings, provides a substantial use that does not infringe '827 Patent claims 1-8,

10, 19." (ECF No. 185 at p. 25). Defendant characterizes paragraph 55 of Dr. Kytomaa's expert report as an admission of non-infringement. However, Plaintiff counters with a plausible alternative interpretation of Dr. Kytomaa's expert report and related deposition testimony that is sufficient to avert the entry of summary judgment. It is simply not as clear cut as suggested by Defendant, and there is no undisputable admission that the Court could utilize to find non-infringement as a matter of law. Defendant's other avenues of attack on Plaintiff's indirect infringement claims suffer the same basic shortcomings and fare no better when viewed through the lens of Rule 56.

**Conclusion**

For the foregoing reasons, I recommend that Plaintiff's Motion for Partial Summary Judgment (ECF No. 177) be DENIED and that Defendant's Motion for Partial Summary Judgment (ECF No. 184) be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
June 12, 2023