UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| inMUSIC BRANDS, INC., <br>   Plaintiff, <br><br> v. <br><br> ROLAND CORPORATION, <br>   Defendant. | ) <br> ) <br> ) <br> ) <br> )   C.A. No. 17-cv-00010-MSM-LDA <br> ) <br> ) <br> ) <br> ) |

ORDER

Mary S. McElroy, United States District Judge.

Pending before the Court are the parties' objections to two Reports and Recommendations ("R&Rs") (ECF Nos. 215, 216) issued by Magistrate Judge Lincoln D. Almond on Plaintiff's Motion to Exclude (ECF No. 182), Plaintiff's Motion for Partial Summary Judgment (ECF No. 177), and Defendant's Motion for Partial Summary Judgment (ECF No. 184).

## I.  BACKGROUND

This case is a patent dispute about electronic drum kits. The patents at issue involve technology that allows electronic drums and cymbals to mimic the material and sensation of the drums and cymbals on an acoustic drum kit. The plaintiff, inMusic Brands, Inc. ("inMusic") sues the defendant, Roland Corporation ("Roland") alleging infringement of three of its drum and cymbal patents: the '827 Patent for an Electronic Percussion Instrument with Enhanced Playing Area; the '758 Patent for an Electronic Hi-Hat Cymbal Controller; and the '724 Patent for a Removable Electronic Drumhead for an Acoustic Drum. (ECF No. 106.) inMusic claims that

Roland's PD-140DS V-Pad infringes the '827 Patent; that its VH-13-MG Hi-Hat infringes the '758 Patent; and that its KD-A22 Kick Drum Converter infringes the '724 Patent. *Id.*

The lawsuit has a long procedural history before this Court. Most recently, both parties filed motions for partial summary judgment. (ECF Nos. 177, 184.) inMusic also filed a motion to exclude the non-infringement opinion of Roland's expert witness, Dr. Paul Lehrman. (ECF No. 182.) The motions were referred to Magistrate Judge Almond. Magistrate Judge Almond issued two R&Rs recommending that all the motions be denied. (ECF Nos. 215 & 216.) Both parties filed objections within 14 days. (ECF Nos. 221, 223, 224.) Because the objections to the R&Rs were timely filed, this Court must conduct *de novo* review of those portions of the reports or specific proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72. The Court may accept, reject, or modify, in whole or in part, Magistrate Judge Almond's recommendations. *Id.*

## II.     DISCUSSION

After reviewing the entire file and record, the Court ACCEPTS Magistrate Judge Almond's R&Rs.

### 1.     inMusic's Motion to Exclude Dr. Lehrman's Opinion

Magistrate Judge Almond recommended that inMusic's Motion to Exclude the expert opinion of Dr. Lehrman be denied. (ECF No. 215.) inMusic moved to exclude Dr. Lehrman's opinion on two grounds: (1) that Dr. Lehrman did not prepare his expert report as required by Fed. R. Civ. P. 26(a)(2)(B) and merely proofread and

signed what defense counsel ghost-wrote for him; and (2) that Dr. Lehrman's expert opinion is unreliable under Fed. R. Evid. 702 because it is "the product of attorney preparation" rather than scientific methods. (ECF No. 182.)

Regarding Rule 26, Magistrate Judge Almond found that "Dr. Lehrman was sufficiently involved in the process to comply with the dictates of Rule 26(a)(2)(B) as fleshed out in the Advisory Committee Notes." (ECF No. 215 at 4.) The Court agrees.

Magistrate Judge Almond did not directly address the reliability requirements of Fed. R. Evid. 702. Nevertheless, after reviewing the record, this Court finds that Roland has met its burden to establish admissibility under that Rule. *See* Fed. R. Evid. 702; *see also Bourjaily v. United States*, 483 U.S. 171, 175-76 (1987) (for expert witness testimony to be admitted, the party offering the testimony bears the burden to establish admissibility under Rule 702). Because Roland met the dictates of both Rule 26 and Rule 702, the Court ACCEPTS Magistrate Judge Almond's recommendation to deny the Motion to Exclude Dr. Lehrman's expert opinion. (ECF No. 215.)

### 2. The Summary Judgment Motions

Both parties filed motions for partial summary judgment. (ECF Nos. 177, 184). Magistrate Judge Almond recommended that the motions be denied. (ECF No. 216). Both parties timely objected. (ECF Nos. 221, 224.) The Court has conducted *de novo* review of those portions of the R&Rs to which objection is made. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72.

When considering direct infringement claims, the Court must consider whether all of the claim limitations are present in an accused product, either literally or by a substantial equivalent. *Innovention Toys, LLC v. MGA Entm't, Inc.*, 637 F.3d 1314, 1318 (Fed. Cir. 2011). This enquiry is a question of fact not law, *CommScope Techs. LLC v. Dali Wireless Inc.*, 10 F.4th 1289, 1295 (Fed. Cir. 2021), and the Court may only render an infringement determination on summary judgment "when no reasonable jury could find that every limitation recited in the properly construed claim either is or is not found in the accused device." *Innovention*, 637 F.3d at 1319. Because the record shows that it is genuinely disputed whether all of the claim limitations of the '827 and '758 patents are present in the accused inventions, summary judgment is not appropriate for either party considering the claims relating to those patents (ECF No. 216.) Similar disputes persist considering the '724 patent and the indirect infringement claims. *Id.*

inMusic also counterclaimed that the '758 patent is unenforceable because inMusic engaged in inequitable conduct during the patent application process. (ECF No. 126.) Inequitable conduct is an equitable defense to patent infringement that bars enforcement of a patent in its entirety. *Regeneron Pharms., Inc. v. Merus N.V.*, 864 F.3d 1343, 1350 (Fed. Cir. 2017). Inequitable conduct claims require clear and convincing evidence that a patent-holder withheld material information from the Patent and Trademark Office with the intent to deceive. *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1285, 1290 (Fed. Cir. 2011). Because the disputed issues of fact underlying the issue of inequitable conduct are not jury questions, the

4

issue being entirely equitable in nature, *see Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1212 (Fed. Cir. 1987), the Court RESERVES the inequitable conduct claim to be resolved after trial. *See Gen. Electro Music Corp. v. Samick Music Corp.*, 19 F.3d 1405, 1408 (Fed. Cir. 1994).

### III.   CONCLUSION

The Court ACCEPTS Magistrate Judge Almond's R&Rs. (ECF Nos. 215, 216.) inMusic's Motion to Exclude (ECF No. 182) and Motion for Partial Summary Judgment (ECF No. 177) are DENIED. Roland's Motion for Partial Summary Judgment (ECF No. 184) is DENIED. The Court RESERVES Roland's inequitable conduct counterclaim for determination after trial. (ECF No. 126.)

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge
March 29, 2024